MATTEO RICCO, ITALIAN CONSULAR AGENT IN AMERICA, ADMINISTRATOR AD PROSEQUENDUM OF THE ESTATE OF GIOVANNI N. DE CARLO, DECEASED, PLAINTIFF-APPELLANT, v. WALTER C. BEHRMAN, DEFENDANT-RESPONDENT.

Argued May 23, 1933—Decided September 27, 1933.

For the appellant, *Ward & McGinnis*.

For the respondent, *Charles Stockdale Gray*.

PER CURIAM.

The appellant in the present case, Matteo Ricco, is the Italian consul in America, and is administrator *ad prosequendum* of the estate of Giovanni N. De Carlo, deceased. It appears that De Carlo was one of several persons riding in a Chevrolet truck, owned by a contractor who was performing road work for the state highway department, and the occupants of the truck were going to work at the time of the accident. There was a head-on collision between the truck in question and a Ford truck operated by the defendant; and as a result, De Carlo and three others were killed, and four injured. The three cases were tried in the Supreme Court, Passaic Circuit; and the jury rendered verdicts for money damages, in favor of Albino Amodeo, administratrix *ad prosequendum* of the estate of Armando Amodeo, Angelo Longo

and Pasquale Schiro; and verdicts of no cause of action in favor of the defendant, and against the present appellant, as well as against Anthony Amodeo, Sr., individually, and as administrator *ad prosequendum* of the estate of Anthony Amodeo, Jr., deceased. De Carlo and Amodeo, Sr., were both passengers in the Chevrolet truck.

There are only two grounds of appeal argued by the appellant, for reversal. The first alleges, in substance, that the verdict rendered by the jury and the judgment thereon, were inconsistent, in that the jury rendered verdicts in the same cause in favor of the other plaintiffs; and also that the verdict of the jury was contrary to law and the charge of the court. The appellant contends that the inconsistent verdict constituted an error on the record, and was therefore reviewable by this court. We do not agree, for the reason that if the verdict was inconsistent, it would be so because it was either contrary to the evidence or charge of the court, or contrary to the weight of the evidence, all of which reasons, together with the other two grounds of appeal, are not available on error, but are subject to review on a rule to show cause. *Davis* v. *Tallon,* 91 *N. J. L.* 618.

For the reasons stated, the appeal will be dismissed.

